IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RONNIE BUCKNER                    *
                                  *
            Plaintiff,            *
                                  *
vs.                               *   No. 4:11CV00644 SWW
                                  *
ROCKY LAWRENCE, ET AL.,           *
                                  *
            Defendants.           *

**Memorandum Opinion and Order**

Before the Court are motions to dismiss to which plaintiff responded. For the reasons stated below, the motions are granted.

**Background**

Plaintiff filed his complaint on August 23, 2011, alleging that defendants conspired to violate his constitutional rights in connection with his arrest and prosecution in a criminal case in Faulkner County Circuit Court. The defendants are Frank Shaw, his retained counsel; Marcus Vaden, Cody Hiland, Jesse Thompson, David Barrett, and Angela Byrd, all with Faulkner County Prosecuting Attorney's Office ("FCPO"); David Reynolds and Charles Clawson, Faulkner County Circuit Court judges; and Rocky Lawrence, Steve Pagett, David Hall, Dalton Elliott, Matt Rice, Melinda Mickels, Jerry Gross, Karl Byrd, all with the Faulkner County Sheriff's Office ("FCSO"); and the State of Arkansas.

The complaint begins with allegations about a fight between plaintiff and his former employee, Charles White, on July 16, 2010. White ended up in the hospital and plaintiff ended up being charged with battery on August 26, 2010. White was charged with misdemeanors, including destruction of property for crashing his vehicle into plaintiff's parked car. Plaintiff

posted bond and received a conditions of pre-trial release form signed by Judge Reynolds.  He was arraigned on September 13, 2010, and Judge Clawson issued the same pre-trial order with the conditions that plaintiff not use or possess firearms.  Plaintiff alleges he filed numerous motions between August 26, 2010 and August 4, 2011, complaining about violations of his constitutional rights regarding the investigation and about the fact that the FCPO was representing plaintiff in a misdemeanor charge against White and representing White in the battery charge against plaintiff.  According to his complaint, the Faulkner County prosecuting attorney's office "staged a halfhearted and pretend representation of Plaintiff," Compl. at ¶ 24, in the trial involving charges against White and allowed White to escape culpability for his crimes against plaintiff in order to secure White's testimony in criminal proceedings against plaintiff. *Id.* at ¶26.

Plaintiff complains that because Judge Clawson refused to rule on his motions, he was forced to hire Shaw to represent him.  Plaintiff complains about Shaw's representation and fees. Plaintiff claims defendants retaliated against him for running for the office of Faulkner County Sheriff and criticizing defendants during the more than ten years he spent running for office. Finally, plaintiff alleges defendants defamed him by publishing his booking photograph.  He seeks injunctive relief and compensatory damages.  Plaintiff also asks the Court to order defendants to provide him with a fair trial.

Separate defendants move for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), failure to state a claim.  They also move for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) on the basis of immunity, and ask the Court to abstain from exercising its jurisdiction under the *Younger* abstention doctrine.

**Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993). In a facial challenge to subject matter jurisdiction, the facts alleged are accepted as true and the court merely asks whether jurisdiction exists under the circumstances. *See Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008). "The nonmoving party receives the same protections [for facial attacks under Rule 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.8 (8th Cir. 1990).

A motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) will be granted if there has been a failure to state a claim upon which relief can be granted. Courts liberally construe a *pro se* plaintiff's complaint on a 12(b)(6) motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89 (2007). Courts take all well-pleaded allegations as true and make all reasonable inferences in the light most favorable to the nonmoving party. *St. Croix Waterway Ass'n v. Meyer,* 178 F.3d 515, 519 (8th Cir.1999). As such, a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff cannot prove any set of facts entitling him to relief on his claim. *Young v. City of St. Charles, Mo.,* 244 F.3d 623, 627 (8th Cir.2001).

However, a plaintiff cannot rely on mere general and conclusory allegations to survive the motion to dismiss. *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In addition, the complaint must contain a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**Discussion**

Attorney Frank Shaw, who formerly represented plaintiff, moves for dismissal under Rule 12(b)(6). He also argues the Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff alleges that Shaw never filed a motion or otherwise sought to correct the violations committed against him by defendants and did not seek to have the charges against plaintiff dismissed. He contends Shaw's refusal to address separate defendants' alleged violations of his constitutional rights and Shaw's behavior concerning their payment agreement is evidence that Shaw was involved in an unlawful conspiracy. "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir.1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *Murray v. Lene,* 595 F.3d 868, 870 (8th Cir.2010). The Court has reviewed plaintiff's complaint and finds plaintiff fails to allege specific facts to support his claim of a conspiracy between his retained counsel and the state-actor defendants. His claims against Shaw are dismissed.

The state defendants[1] move for dismissal arguing plaintiff fails to allege facts to support a claim that they violated his constitutional rights, they are immune from plaintiff's claims for money damages, the *Younger* abstention doctrine applies, and plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The county defendants[2] move for dismissal pursuant to

---

[1]The State of Arkansas; Judges Reynolds and Clawson; and Prosecuting Attorneys Hiland, Vaden, Thompson, Barrett, and Angela Byrd.

[2]Gross, Lawrence, Padgett, Hall, Elliott, Rice, Mickels, and Karl Byrd.

*Younger* and *Heck*.

The Eleventh Amendment bars any suit brought in federal court against a state or state agency, regardless of the nature of the relief sought, unless Congress has abrogated the States' immunity or a state has consented to suit or waived its immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974)*; Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007). The State of Arkansas has not consented to be sued in the federal courts, *Burk v. Beene,* 948 F.2d 489, 492-93 (8th Cir.1991), and Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66-67. Thus, sovereign immunity bars plaintiff's § 1983 claim against the State.

The Eleventh Amendment also protects state officials sued in their official capacities from all claims except for certain claims for prospective equitable relief. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). The Court finds plaintiff's claims against the state officials sued in their official capacities for money damages should be dismissed.

In addition, judges are absolutely immune for judicial acts taken within the jurisdiction of their courts. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (judges are immune from suit unless actions were nonjudicial in nature or taken in complete absence of all jurisdiction). A judicial act is a "function normally performed by a judge" when the parties are before the judge in his official capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. *Id*. at 355-57 (1973). Plaintiff's allegations as to Judges Reynolds and Clawson relate to actions taken in their judicial capacities presiding over two criminal cases. There are no allegations that they

acted in "complete absence of all jurisdiction." The Court therefore dismiss plaintiff's claims against them.³

Prosecutors in the performance of their official duties enjoy prosecutorial immunity from suit. A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages brought under 42 U.S.C. S. § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir.1996) (prosecutor is entitled to absolute immunity when acting as advocate for state in criminal prosecution; immunity covers initiation and pursuit of criminal prosecution). Viewing the facts alleged in favor of plaintiff, the Court finds there are no facts alleged which would deny the defendant prosecutors immunity from plaintiff's claims for money damages.

The *Younger* abstention doctrine requires federal courts to refrain from interfering with pending state criminal proceedings absent extraordinary circumstances. Under *Younger,* abstention is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges. See *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir.1996). It is undisputed that there is an ongoing state judicial proceeding. The Court finds that plaintiff's challenges relating to the criminal proceedings

---

³Judicial immunity bars plaintiff's claim for money damages. The Court further finds that § 1983 bars his claim for equitable relief. *See Dancer v. Haltom*, 2010 WL 5071239 at *4 (W.D.Ark. November 16, 2010 W.D.Ark.). The Federal Courts Improvement Act of 1996, § 309 (c) Pub.L.No. 104-317, 110 Stat. 3847, 3853 (1996), amended § 1983 to add the following: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff's complaint fails to allege a violation of a declaratory decree or the unavailability of declaratory relief.

implicate important state interests, and that there is no indication that plaintiff will be prevented from raising his constitutional claims before the state court.

*Younger* allows intervention in those cases where the court finds that "the state proceeding is motivated by a desire to harass or is conducted in bad faith . . ." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). The Court finds plaintiff has failed to make such a showing.

When money damages are sought in addition to non-monetary relief, "the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention[.]" *Night Clubs, Inc. v. City of Fort Smith,* 163 F.3d 475, 481 (8th Cir.1998). The Court therefore will stay this action as to plaintiff's claim for damages against the county defendants.

**Conclusion**

IT IS THEREFORE ORDERED that separate defendant Shaw's motion to dismiss [docket entry 4] is granted. Plaintiff's claims against Shaw are dismissed with prejudice.[4]

IT IS FURTHER ORDERED that the motion to dismiss filed by the state defendants [docket entry 25] is granted. Plaintiff's claims against defendants State of Arkansas, Clawson,

---

[4] Plaintiff's motion for sanctions against Shaw's attorney and the county defendants' attorney [docket entry 17] is denied.

and Reynolds are dismissed with prejudice. Plaintiff's claims for money damages against Hiland, Vaden, Thompson, Barrett, and Byrd are dismissed with prejudice on the basis of absolute immunity. Based on *Younger*, the Court abstains from exercising jurisdiction over plaintiff's claims for injunctive and declaratory relief.

IT IS FURTHER ORDERED that the motion to dismiss filed by the county defendants [docket entry 19] is granted based on *Younger* abstention.

The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of plaintiff's criminal charges. The case is subject to reopening upon plaintiff's filing of a motion to reopen the case within seven (7) days after such final disposition.

DATED this 15th day of November, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE